IN THE UNTED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED

MAR 18 2003

CLERK

| | |
|---|---|
| JULIE R. WEDDELL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 02-4056-KES |
| ) | |
| WAGNER COMMUNITY SCHOOL ) | |
| DISTRICT 11-4; et al., ) | |
| ) | |
| Defendants. ) | |

CONSENT DECREE

Plaintiffs Julie Weddell, Carole Weddell, and Raymond Cournoyer filed this action against the Wagner Community School District 11-4 in Charles Mix County, South Dakota, and each member of the School Board, seeking declaratory and injunctive relief prohibiting any further use of the District's current at-large election plan on the ground that it dilutes the voting strength of the Native Americans in violation of Section 2 of the Voting Rights Act of 1975, as amended, 42 U.S.C. § 1973.

The parties have agreed to settle this case without further litigation and have moved the Court for entry of judgment by consent decree as provided herein. Upon consideration of this motion, and for good cause shown, it is the opinion of this Court that the motion should be granted.

Accordingly, and based upon the consent and agreement of the parties, the Court makes the following findings:

3

1. This court has jurisdiction over this case pursuant to Article III of the United States Constitution and 28 U.S.C. §§ 1331 and 1343(a)(3) & (4), and 2201.
2. This suit is authorized by 42 U.S.C. §§ 1973j(f) & 1983.
3. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.
4. Venue is proper in the District of South Dakota pursuant to 28 U.S.C. § 1391(b).
5. Plaintiffs Julie R. Weddell, Carole Weddell, and Raymond Cournoyer are Native Americans, qualified electors, and residents of Wagner Community School District 11-4 in Charles Mix County, South Dakota.
6. Defendant Wagner Community School District 11-4 is a political subdivision of the State of South Dakota and is capable of suing and being sued in its own name.
7. Defendants Wayne Scherr, Joe Hall, Jerry Seiner, Janice Coleman, Neil Von Eschen, Michael Denker, and James Eggers are members of the School Board in Wagner Community School District 11-4 and are responsible for the conduct of board elections in that district.
8. All defendants are sued in their official capacities only.
9. The defendants, both personally and through the conduct of their agents, servants and employees, were acting under color of state law at all times relevant to this action.

10. The total population of Wagner Community School District 11-4 is 3,928 persons, of whom 1,668 (42%) are Native American.

11. Native Americans are 36% of the district's voting-age population.

12. Wagner Community School District 11-4 is governed by a School Board consisting of seven members elected at-large from within the district.

13. Terms of office for the School Board are three years and are staggered.

14. The defendants have the authority to settle lawsuits concerning the method of electing members of the School Board, and there are no reasons to burden the exercise of that authority by requiring a formal adjudication that the existing method of electing School Board members is unlawful.

15. The defendants have a substantial and compelling interest in avoiding liability under Section 2 of the Voting Rights Act.

Based upon the foregoing, it is ORDERED, ADJUDGED, and DECREED as follows:

1. The Wagner Community School District 11-4 shall henceforth and for the duration of this Consent Decree conduct elections for members of its Board as follows:

    (a) Members of the Board shall be elected at large.

    (b) Elections for members of the Board shall be held on a 3-3-1 staggered cycle, with three members to be elected to three-year terms in 2003, three members

3

        to be elected to three-year terms in 2004, and one member to be elected to a three-year term in 2005.

  (c)  Candidates for the position of Board member shall run as a field without designation of positions or numbered posts.

  (d)  All elections for members of the Board shall be conducted by the cumulative at-large method, whereby:

    (1) at each election, each voter shall have as many votes as there are positions to be filled in that election;

    (2) each voter may cast one, all, or any whole number of his or her votes for any one or more of the candidates in that election; provided that

    (3) no voter shall be required to cast one vote, or any other minimum number of votes, for any candidate, nor shall any voter be required to cast all of the votes available to that voter in any particular election.

  (e)  The winner or winners of elections for members of the Board shall be those candidates, equal in number to the positions available in that election, who receive the highest number of votes.

2. The District shall henceforth and for the duration of this

Consent Decree relocate the polling place to be used in all elections for the Board to the National Guard Armory in Wagner, South Dakota, or at an alternative location or locations with the consent of the plaintiffs.

3. The district shall henceforth and for the duration of this Consent Decree publish all state-required election notices (notices of vacancies, notices of elections, etc.) I the following locations in addition to the locations required by state law:

   (a)   the Wagner Announcer;

   (b)   the U.S. Post Office in Wagner;

   (c)   the U.S. Post Office in Marty;

   (d)   the Wagner Food Center;

   (e)   Buche's Foods in Wagner;

   (f)   the BIA office in Wagner;

   (g)   the IHS office in Wagner

   (h)   the Fort Randall Casino;

   (i)   the Sioux Messenger;

   (j)   the Yankton Sioux Tribal Hall; and

   (k)   the Yankton Sioux Tribe Housing Authority.

4. Except as specifically altered by the terms of this Consent Decree, state law shall continue to govern the method of electing members of the School Board in the Wagner Community School District 11-4. The current members of the School Board shall continue to hold office until they are succeeded

pursuant to state law as modified by this Consent Decree, and during their tenure in office shall possess and exercise all powers and duties conferred upon them by state law.

5. This Consent Decree shall be binding upon the defendants, their successors, agents, attorneys and assigns.

6. This Consent Decree shall remain in effect until the School Board or other legislative body duly authorized under state law shall enact a new plan for electing members of the School Board in the Wagner Community School District 11-4 that also complies with Section 2 of the Voting Rights Act, 42 U.S.C. § 1973, and the one-person-one-vote standard of the Equal Protection Clause of the Fourteenth Amendment to the United State's Constitution.

7. The Court shall retain jurisdiction over this matter for a period of one year from the date on which the Consent Decree issues.

With respect to the plaintiffs' claim for attorney's fees, it is further ORDERED as follows:

1. The plaintiffs in this litigation are "the prevailing party" within the meaning of the 42 U.S.C. § 1988 and are thereby entitled under that statute to a "reasonable attorney's fee."

2. Pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1920, the plaintiffs, as the prevailing party, are also entitled to recover their costs and reasonable expenses.

3. No special circumstances exist in this case which would make

6

such an award unjust.

4. The amount of $5,000 is a reasonable award of fees, costs and expenses for this case.

This cause shall be administratively closed and may be removed from the Court's docket.

DONE, this the 18th day of March, 2003.

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

We consent:

BRYAN SELLS
LAUGHLIN McDONALD
NEIL BRADLEY
MEREDITH BELL
American Civil Liberties Union Foundation, Inc.
2725 Harris Tower
244 Peachtree Street
Atlanta, Georgia 30303
(404) 523-2721

ATTORNEYS FOR THE PLAINTIFFS

PATRICK DUFFY
Duffy & Duffy
P.O. Box 8027
604 Mt. Rushmore Road
Rapid City, SD 57709-8027
(605) 342-1973

KEN COTTON
Wipf & Cotton
107 South Main Street
Wagner, SD 57380
(605) 384-5471

ATTORNEY FOR THE DEFENDANTS

7